IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENITO RODRIGUEZ ZAMORA, | § § § § | |
| *Petitioner*, | § § | No. 1:26-CV-01246-DAE |
| v. | § § | |
| VERGARA, *et al*., | § § | |
| *Respondents*. | § § § | |

ORDER

Before the Court is Petitioner Benito Rodriguez Zamora's

("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt.

# 1). The Court finds this matter suitable for disposition without a hearing. After

careful consideration of the parties' briefings and the relevant law, the Court

**GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that

follow.

FACTUAL BACKGROUND

Petitioner Rodriguez Zamora is a citizen of Mexico who is currently

detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 2–3.)

In approximately 2006, Petitioner entered the United States without inspection.

(Id. at 2.) Since then, he has resided in the United States for the last twenty years.

1

(Id.)  In those twenty years, Petitioner has built a life here.  (Id.)  He has a partner, son, and three United States citizen stepdaughters.  (Id. at 3.)

Petitioner does not have a criminal record.  (Id. at 2.)  On May 5, 2026, Petitioner was stopped by a state trooper who claimed that Petitioner's window tints were too dark.  (Id. at 3.)  After the state trooper went back to his vehicle to verify Petitioner's car insurance information, federal immigration agents approached the vehicle.  (Id.)  As Petitioner alleges, the agents threatened to break the Petitioner's window if he did not open up his door.  (Id.)  When Petitioner lowered his window, one agent reached in and opened the door, grabbing Petitioner's phones from his hands and throwing it at the window of the truck. (Id.)  Petitioner was then taken to an ICE/ERO Field Office and then transferred to the T. Don Hutto Detention Center, where he remains detained. (Id.)  He asks this Court for his immediate release to remedy his unlawful detention.  (Id.)

PROCEDURAL HISTORY

On May 11, 2026, Petitioner filed his habeas petition.  (Dkt. # 1.)  On May 13, 2026, this Court ordered Respondents Miguel Vergara, Field Office Director, San Antonio Field Office, Immigration and Customs Enforcement ("ICE"); Charlotte Collins, Warden, T. Don Hutto Detention Center; Todd M. Lyons, Director of U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Todd

Blanche, United States Attorney General (collectively, "Respondents") to show cause within three days as to why the petition should not be granted.  (Dkt. # 3.) Respondents Miguel Vergara, Todd Lyons, Markwayne Mullin, and Todd Blanche (herein, "Federal Respondents")[1] timely filed a response to the Petition on May 18, 2026.  (Dkt. # 4.)  Petitioner filed a reply on the same day.  (Dkt. # 6.)

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."  Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'"  Id. (quoting 28 U.S.C. § 2243).

---

[1] Respondent Charlotte Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

<u>DISCUSSION</u>

In his Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights, the Immigration and Nationality Act and accompanying bond regulations, the final judgment in <u>Maldonado Bautista</u>, and the Administrative Procedure Act.  (Dkt. # 1.)

I.      <u>Subject Matter Jurisdiction</u>

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders.  <u>Campuzano v. Noem</u>, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); <u>Fabian-Granados v. Bondi</u>, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); <u>Silva v. Bondi</u>, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026).  The Court also finds that, to the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile."  <u>See</u> <u>Lorenzo C. P., v. Noem</u>, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); <u>see also</u> <u>Shi v. Lyons</u>, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025); (Dkt. # 6 at 1 (asserting that Petitioner is ineligible for bond before an immigration judge)).

4

II.    The Merits of the Petition for Writ of Habeas Corpus

Having concluded that it has jurisdiction over Petitioner's claims, the Court turns to the merits of Petitioner's habeas petition. Because the Court finds that Petitioner's detention violates his right to procedural due process under the Fifth Amendment of the United States Constitution, it does not reach Petitioner's other bases for relief.[2] The Court's analysis proceeds in two steps: first, the Court will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

First, the Court concludes that Petitioner is entitled to due process protections. The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law."

---

[2] To the extent Federal Respondents argue that the Fifth Circuit's recent decision in Buenrostro-Mendez v. Bondi, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), prevents this Court's review of the Petitioner's due process claims, the Court, like other courts that have considered the question, finds such an argument unpersuasive. See Valencia Reyes v. Noem, et al., No. SA-25-CA-01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases). Indeed, the Fifth Circuit's decision was limited only to that petitioner's statutory interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment. See Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

5

U.S. CONST. amend. V.  This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025);  Demore v. Kim, 538 U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).  Petitioner's case does not materially differ from those that this Court has recently considered and determined that procedural due process protections apply.  See Gomez-Gonzalez v. Vergara, No. 5:26-CV-598-DAE, 2026 WL 594364 (W.D. Tex. Feb. 27, 2026); Acosta Espana v. Ortega, No. 1:26-CV-00300-DAE, 2026 WL 594362 (W.D. Tex. Mar. 2, 2026); Guzman Sanchez v. Bondi, No. 1:26-CV-00379-DAE, 2026 WL 594365 (W.D. Tex. Feb. 27, 2026); JAIRO ENRIQUE RAGA ALEMAN, Petitioner, v. HOMAN, et al., Respondents. Additional Party Names: Beatriz Adriana Aleman Lopez, No. 1:26-CV-00529-DAE, 2026 WL 752450 (W.D. Tex. Mar. 16, 2026).  Accordingly, for the reasons described in the Court's prior orders, Petitioner may bring a procedural due process claim.

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious.  "The fundamental requirement of due process is the opportunity to be

heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in Mathews[.]" Martinez v. Noem, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

The first factor weighs heavily in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). In this case, Petitioner lived his life in the United States for approximately twenty years—two decades—prior to his recent detention. He has a partner, a son, and three U.S.-citizen stepdaughters waiting for his return home. He has no criminal history and has built a life here. "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited

7

exception.'"  Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing

United States v. Salerno, 481 U.S. 739, 755 (1987)).  This interest "deserves great

weight and gravity" and thus weighs heavily in Petitioner's favor.  See Vieira, 806

F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged

procedure creates a risk of erroneous deprivation of individuals' private rights and

the degree to which alternative procedures could ameliorate these risks."  Martinez

v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d

1175, 1187 (D. Minn. 2025)).  Here, there is a high risk of erroneous deprivation of

Petitioner's liberty since he is being detained without the opportunity for an

individualized bond hearing, depriving him of the ability to contest the

reasonableness of his detention.  See Vieira, 806 F.Supp.3d at 701 ("The risk lies in

the automatic continued deprivation of liberty . . .").  There would be significant

value added by additional safeguards, such as a bond hearing or pre-detention

notice, that would reduce the likelihood of an erroneous loss of liberty.  Thus, this

factor also weighs in Petitioner's favor.

The third factor is the Government's interest.  See Mathews, 424 U.S.

at 335.  The Government has a legitimate interest "in ensuring that noncitizens

appear for their removal hearings and do not pose a danger to the community."

Lopez-Arevelo, 801 F.Supp.3d at 686–87.  But such an interest could be

8

adequately protected through individualized bond hearings—process that the Government finds unnecessary.  As another court in this District stated: "Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability.  Instead, they only maintain that due process does not require it." Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026).  Accordingly, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

I.      Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release." See Munaf v. Geren, 553 U.S. 674, 693 (2008).  Further, ordering a bond hearing under these circumstances would require the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025).  The Court instead finds that the more appropriate remedy here is release. See Azua-Zuniga v.

9

Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at 25 (same); Longoria Mendoza, No. 5:26-CV-0728-JKP, Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Cruz-Reyes v. Bondi, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting Gonzalez v. Joyce, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." Gonzalez, 2025 WL 2961626, at *5.

As a final matter, "[a]lthough Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and seeks attorney fees, the Court treats the instant action solely as a habeas action under § 2241." Davila Mercado v. Lyons, No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *7 (W.D. Tex. Dec. 11, 2025). Here, as in Davila Mercado, Petitioner has not specifically sought any non-habeas relief and has paid

10

only the minimal habeas filing fee.  Accordingly, the Court denies any request for attorney's fees in this case.  Id.; Aldana Perez v. Noem, et. al., No. SA-25-CV-01534-XR, 2025 WL 3654262, at *7 (W.D. Tex. Dec. 5, 2025); Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) (holding that the Equal Access to Justice Act does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Benito Rodriguez Zamora from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on May 20, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (lazomargie.law@gmail.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties.  At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. May 21, 2026**, detailing their compliance with this Order.

11

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 19, 2026.

_____

David Alan Ezra
Senior United States District Judge